**87 SOUTH ROTHSCHILD LIQUOR MART, INC., an Illinois Corporation, Plaintiff,**

v.

**Walter S. KOZUBOWSKI, City Clerk of the City of Chicago, the Board of Election Commissioners of the City of Chicago, Richard M. Daley, Mayor of the City of Chicago, the Local Liquor Control Commission of the City of Chicago, and the State of Illinois Liquor Control Commission, Defendants.**

No. 90 C 5781.

United States District Court,
N.D. Illinois, E.D.

Aug. 27, 1991.

**1130**

Michael A. Moses, Siegel, Moses & Schoenstadt, Chicago, Ill., for plaintiff 87 South Rothschild Liquor Mart, Inc.

Kelly Raymond Welsh, Emily Nicklin, Mary Frances Harkenrider, Stuart D. Fullerton, City of Chicago, Law Dept., Corp. Counsel, Michael Levinson, Bd. of Election Com'r, Daniel Patrick Madden, Chicago, Ill., for defendants Walter S. Kozubowski, Richard M. Daley, Bd. of Election Com'rs of City of Chicago and Liquor Control Com'n of City of Chicago.

Wallace Cyril Solberg, Illinois Atty. Gen.'s Office, Chicago, Ill., for defendant State of Illinois Liquor Control Com'n.

## MEMORANDUM OPINION AND ORDER

ASPEN, District Judge:

We have before us two matters. The first is a motion to amend our November 2, 1990 order, filed by defendant Board of Election Commissioners of the City of Chicago ("Election Board"). The second is plaintiff 87 South Rothschild Liquor Mart, Inc.'s ("Liquor Mart") statement of fees and costs. For the reasons set forth below, we deny the Election Board's motion, and award Liquor Mart its reasonable fees and costs in litigating this suit and in responding to the Election Board's memorandum in opposition to those fees and costs.

Liquor Mart originally brought suit seeking (1) a declaration that "the targeted local option referendum provision in [Ill. Ann.Stat. ch. 43, para. 167 (Smith–Hurd 1990)] is unconstitutional, and [2] ... an injunction against the operation and enforcement of the statute" as it pertained to the November 1990 election. *87 South Rothschild Liquor Mart v. Kozubowski*, 752 F.Supp. 839, 841 (N.D.Ill.1990). Relying on Seventh Circuit precedent, we ruled that the state law in question violated Liquor Mart's due process rights, and held it

unconstitutional. *Id.* at 842 (discussing *Philly's v. Byrne*, 732 F.2d 87 (7th Cir. 1984)). We further awarded Liquor Mart its reasonable attorneys' fees pursuant to 42 U.S.C. § 1988 (1988). *Id.*

The posture of the case and its timing—the looming election day necessitated an expedited briefing schedule—were among the factors that resulted in only the Election Board being found to be "the proper party in interest in this case." *Id.* at 840 n. 1. The Election Board now contends that a mistake rising to Fed.R.Civ.P. 60(b)(1) standards requires us to modify our order and reinstate the Illinois Liquor Control Commission and its officers as defendants for the purpose of awarding attorneys' fees and costs. That mistake, as characterized by the Election Board, is that, while the Corporation Counsel of the City of Chicago filed an appearance and a motion that included the Election Board, it never acted to defend the Board's interests. Motion at 4. In other words, "[t]he Office of the Corporation Counsel mistakenly filed papers indicating that it represented a party it did not; the [Election] Board mistakenly relied upon the Corporation Counsel to be true to its filings; and this Court faced a mistaken record which indicated that the Board was properly represented, when it was, in fact, not represented at all. *The error was the Corporation Counsel's*, not the Board's, and Board is entitled to be relieved from it." *Id.* (emphasis added).

The Election Board's source of relief, if there be any, is not with this court on a Rule 60(b)(1) motion. If what it contends is true, then its disagreement is with the Corporation Counsel. We decline to modify our November 2, 1990 order, and deny the Election Board's instant motion.

Liquor Mart's statement of fees and costs, the second matter before us, contains a detailed summary of the time spent on this suit by its four attorneys. The initial statement sets forth a sum of $51,383, while the supplemental statement, submitted after the Election Board's opposition required a reply, sets forth an additional $5,061, for a total sum of $56,444. We award this amount to Liquor Mart.

The Election Board makes three arguments against the award. First, it contends that Liquor Mart should not be awarded fees for work "not expended in connection with the instant litigation." Memorandum in Opposition at 2. Second, it argues that the number of hours reflected in Liquor Mart's affidavits is "excessive" and "[un]reasonable." Third, it reasons that it should be responsible for only half of the award, since it played only a "limited and ministerial role" in the pertinent events.

■ It appears to be well-settled that in determining the amount of properly compensable fees under § 1988, "[t]he result is what matters." *Hensley v. Eckerhart*, 461 U.S. 424, 435, 103 S.Ct. 1933, 1940, 76 L.Ed.2d 40 (1983). The Election Board cites to *Hensley* in its opposition to Liquor Mart's statement of fees and costs, but apparently did not read the following:

> Where a plaintiff has obtained excellent results, his attorney should recover a fully compensatory fee. Normally this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified. In these circumstances the fee award should not be reduced simply because the plaintiff failed to prevail on every contention raised in the lawsuit. [Citation omitted.] Litigants in good faith may raise alternative legal grounds for a desired outcome, and the court's rejection of or failure to reach certain grounds is not a sufficient reason for reducing a fee. The result is what matters.

*Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940.

Clearly, Liquor Mart obtained excellent results from its attorneys. Working quickly, those attorneys managed to win a complete and total victory for their client. A state law was found to be unconstitutional, and a particular referendum was knocked off the upcoming ballot. We are not awarding fees and costs for investigation of claim(s) "distinct in all respects" from

the claim(s) that ultimately prevailed; "lawyers [do] spen[d] time in blind alleys," but this is both "inevitable" and "irrelevant." *Kurowski v. Krajewski*, 848 F.2d 767, 776 (7th Cir.), *cert. denied*, 488 U.S. 926, 109 S.Ct. 309, 102 L.Ed.2d 328 (1988). As Liquor Mart points out, so long as each claim "involve[s] a common core of facts or [is] based on related legal theories," *Hensley*, 461 U.S. at 435, 103 S.Ct. at 1940, an attorneys' fees award should not be reduced because certain claims are either unsuccessful or the court does not reach them.

■ The Election Board's second argument—that Liquor Mart's attorneys devoted an excessive number of hours to their client's suit—is equally unpersuasive. The Board contends that *Philly's v. Byrne* made the disposition of this case easy, and less research than Liquor Mart's attorneys did was all that should have been required. This present position does not jibe easily with the Board's earlier position opposing Liquor Mart's motion; there, the Board vehemently argued that *Philly's* supported the constitutionality of the state law and local option referendum provision at issue. Obviously, the Board did not always believe that Liquor Mart's complaint represented an "easy case." [1]

Further, we accept Liquor Mart's representation that its attorneys divided time and research duties in an efficient manner—that is, that more junior attorneys, whose time is billed at lower hourly rates, did much of the time-consuming research and drafting, whereas the attorneys whose hourly rates are higher assumed roles more supervisory in nature. We will not penalize Liquor Mart for what we perceive to be logical and efficient staffing and billing decisions. Finally, the Board's suggestion that particular totals are too high is completely arbitrary, as pointed out by Liquor Mart. *See Heiar v. Crawford County*, 746 F.2d 1190, 1204 (7th Cir.1984), *cert. denied*, 472 U.S. 1027, 105 S.Ct. 3500, 87 L.Ed.2d 631 (1985).

---

1. Insofar as this position is tied to the representation afforded the Board by the Corporation Counsel of Chicago, we reiterate that any recourse the Board may have against the Corporation Counsel is a matter apart from the present adjudication.

The Election Board also argues that it should be liable only for a percentage of the entire fee award, an argument tied to its motion to reinstate certain state defendants. We decline to grant the motion, see *supra,* and decline to decrease the Election Board's responsibility for the award because of its supposed "limited role" or because plaintiffs did not name certain parties.

Having denied the Election Board's Rule 60(b)(1) motion and overruled its objections to Liquor Mart's statement of fees and costs, we award Liquor Mart $56,444. It is so ordered.